UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Laura and Michael Safley, ) | |
| ) | C.A. No. _____ |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | COMPLAINT |
| ) | [JURY TRIAL DEMANDED] |
| Oceana Resorts, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

The Plaintiffs, Laura and Michael Safley, complaining of the Defendant herein, do respectfully allege as follows:

**PARTIES**

1. The Plaintiffs, Laura and Michael Safley, (hereinafter "Plaintiffs") are residents and citizens of Cleveland, North Carolina. At all times mentioned herein, Plaintiffs were lawfully married and living together as husband and wife.

2. The Plaintiffs are informed and believe that Oceana Resorts, LLC (hereinafter "Defendant") is a corporation organized and existing by virtue of the laws of the State of South Carolina and authorized to conduct business and conducting business at all times relevant hereto within the County of Horry, State of South Carolina.

**JURISDICTION AND VENUE**

3. Because the Plaintiffs are residents and citizens of the state of North Carolina and Defendant is a resident and citizen of the state of South Carolina, jurisdiction is proper with this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this judicial district and the Florence Division pursuant to Local Rule 3.01 DSC because the acts giving rise to the action occurred substantially in this

District and Division.

5.     Plaintiffs have suffered damages which exceed $75,000.00, exclusive of interest and costs.

## FACTS

6.     On May 30, 2020, Plaintiffs drove from their home in Cleveland, North Carolina to Myrtle Beach, South Carolina to stay at the The Patricia Grand, a resort property owned and operated by Defendant, to celebrate their anniversary and to celebrate Plaintiff Laura Safley's birthday.

7.     Upon arriving to The Patricia Grand, Plaintiffs parked their vehicle and walked with their bags to the front entrance of the resort to check in. As Plaintiffs walked inside the front entrance doors, Plaintiff Laura Safley stepped on an oily substance on the floor and fell forward to the floor. As Plaintiff Laura Safley fell to the floor, she stuck out her right hand to catch herself but was unable to prevent herself hitting the floor.

8.     Upon information and belief, the place where Plaintiff Laura Safley fell was in clear view of employees working for the Defendant including the check-in staff at the property.

9.     After Plaintiff Laura Safley's fall, two maintenance workers employed by Defendant told Plaintiffs that the oily substance that caused Plaintiff Laura Safley's fall was the same oily substance that they had already cleaned up a short distance away from where she fell.

10.    The Plaintiffs are informed and believe that employees of the Defendant made no effort to ascertain the origin of the oily substance or to determine the full extent of the oily substance or if there were other patches of oil in the vicinity, in other areas of the first floor lobby. Defendant's employees knew or should have known such oily residue is readily tracked and spread in public areas traversed by the public and that there would likely be other dangerous oily patches in the lobby area.

11.     The Plaintiffs are informed and believe that the oily substance was not readily observable to a casual patron, but that it either was or should have been apparent to the agents, servants and employees of the Defendant, who were already aware that the lobby floor had been smeared with it and who, upon information and belief, were responsible for and charged with maintenance and upkeep, including proper cleaning of the floor in the lobby area of the establishment.

12.     As a direct and proximate result of the dangerous and defective condition of the Defendant's premises, Plaintiff Laura Safley's fall caused her to tear both her right rotator cuff tendon and her right bicep tendon as well as suffer injuries to her neck, chest, and right knee.

13.     As is evident by the admission of the maintenance employees immediately after Plaintiff Laura Safley's fall, the employees of the Defendant knew or should have known of the dangerous condition in the lobby but failed to warn Plaintiffs, or block off the lobby floor until the entire area could be properly cleaned.

## FOR A FIRST CAUSE OF ACTION

### (Negligence)

14.     The Plaintiffs re-allege and reiterate all of the allegations contained in paragraphs 1 through 13, as fully as if repeated herein verbatim.

15.     The Plaintiffs are informed and believe that the Defendant owed a duty to Plaintiffs to properly manage, maintain, and operate the subject premises for the safety and well-being of its invitees and to maintain the premises in a reasonably safe condition for persons rightfully upon the premises.

16. The Plaintiffs are informed and believe that the Defendant was negligent, willful, wanton, reckless and/or grossly negligent at the time and place herein above mentioned in the following particulars:

    a.  In failing to properly clean and eradicate a known hazardous condition in the lobby by blocking off and cleaning the entire lobby area as soon as the existence of the initial oil spill became known;

    b.  In failing to keep the lobby in proper condition and free of concealed or partially concealed liquids on the floor, a condition of which the Defendant knew or should have known existed;

    b.  In failing to properly train and/or supervise their employees as to proper inspection and maintenance procedures for the lobby so as to prevent dangerous conditions from persisting upon the premises;

    c.  In failing to provide warnings or take any precautions whatsoever to alert invitees rightfully upon the premises, including the Plaintiff, of dangerous conditions in the area;

    d.  In failing to adequately correct the dangerous condition of the lobby;

    e.  In failing to use due care to ensure that the Plaintiffs, who were invitees, were warned of the existence of, and not injured by latent and concealed defects, dangerous conditions, or unreasonable risks, upon the premises about which the Defendant knew, or had reason to know, and which the Defendant created, and about which the Plaintiffs were unaware and had no reason to be aware;

    f.  In failing to properly maintain and monitor the condition of the front lobby;

    g.  In failing to provide safe and reasonably maintained premises for customers and/or invitees;

    h.  In failing to act as a reasonably prudent property owner would have acted under the circumstances then and there prevailing; and

    i.  In any such other particulars as may be ascertained through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

17. As a direct and proximate result of the negligence, carelessness, willfulness, recklessness, and/or gross negligence of the Defendant as alleged above, the Plaintiff Laura Safley, has suffered serious injuries including tears to her right rotator cuff tendon and to her

right bicep tendon which caused severe physical pain, scarring, disfigurement, emotional suffering and mental distress, and which have required her to expend monies for medical care, surgeries, rehabilitation, and other medical necessities. She has suffered and will continue to suffer physical pain and mental anguish in the future and will be required to expend further monies for future medical care. She has further suffered and will continue to suffer lost income past, present, and future; a diminished quality of life, disability, scarring, disfigurement and loss of enjoyment of life for which she is entitled to a judgment against the Defendant for actual and punitive damages in an amount to be ascertained by the jury at the trial of this case.

## FOR A SECOND CAUSE OF ACTION
**(Loss of Consortium)**

18.    Plaintiffs reallege and reiterate all of the allegations contained in paragraphs 1 through 17 as fully as if repeated herein verbatim.

19.    As a direct and proximate result of the negligence, willfulness, wantonness, recklessness, carelessness and gross negligence of the Defendant as set forth above, Plaintiff Michael Safley has suffered and will in the future suffer loss of the aid, comfort, support, society and consortium of his wife, Laura Safley, and is entitled to an award of actual damages in an amount to be determined by the jury at the trial of this action.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant for actual and punitive damages in an amount to be determined by the jury at the trial of this case, for the costs and disbursements of this action, and for such other and further relief as this Honorable Court deems just and proper.

                                s/Charles W. Whetstone, III
Charles W, Whetstone, III, Fed. I.D. No. 11677
Charles W. Whetstone, Jr., Fed. I.D. No. 4604
Cheryl F. Perkins, Fed. I.D. No. 4969
WHETSTONE, PERKINS & FULDA, LLC
Post Office Box 8086 (20202)
601 Devine Street (29201)
Columbia, South Carolina
wwhetstone@attorneyssc.com
cwhetstone@attorneyssc.com
cperkins@attorneyssc.com
Phone (803) 799-9400
Facsimile (803) 799-2017

ATTORNEYS FOR PLAINTIFFS

Columbia, South Carolina

March 23, 2021

6